IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| NATALIE J. RECTOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 05-4109-CV-C-SOW ) |
| STATE FARM MUTUAL INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

ORDER

Before the Court are defendant Cheryl Kelly's Motion to Dismiss (Doc. # 4) and defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 13). Both motions are fully briefed and ready for ruling by the Court. For the reasons stated below, defendant Cheryl Kelly's motion to dismiss is granted and defendant State Farm's motion to dismiss and/or motion for summary judgment is granted.

I. Background

Plaintiff Natalie J. Rector ("Rector") filed her Complaint on April 8, 2005. In her Complaint, plaintiff seeks to bring a claim for gender and/or pregnancy discrimination and a hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, against defendant State Farm Mutual Insurance Company ("State Farm") and her employer, defendant Cheryl Kelly ("Kelly") both in her "individual and official capacity."

The relevant facts to the pending motions are as follows: Defendant Kelly is an individual and the sole proprietor of a company located at 3215 South Providence Road, Columbia,

Missouri, that sells State Farm Insurance ("the Company"). Kelly is an independent contractor who sells State Farm insurance policies for a commission. The Company employed plaintiff Rector from approximately July 10, 1995 through June 8, 2004. At no time during plaintiff's period of employment with the Company did the Company employ fifteen or more employees. The Company has never employed more than five persons at any given time. In her Charge of Discrimination filed on or about October 14, 2004, plaintiff admits that Kelly only employed six individuals. Plaintiff does not allege in her complaint that Kelly or the Company employs more than fifteen or more persons. Plaintiff only alleges that separate defendant State Farm employs more than fifteen persons.

Defendant State Farm is in the business of providing insurance to motorists. On June 6, 2000, Rector signed an Agent's Licensed Staff Agreement ("the Agreement"). The parties to the Agreement are plaintiff, defendant Kelly, and defendant State Farm. In the Agreement, plaintiff agreed as follows:

> 2. NATURE OF THE RELATIONSHIP: Employee is not to be considered an employee of State Farm for any purpose or at any time. At all times and for all purposes, Agent will be solely responsible for the conduct of said Employee and for all compensation to be paid to said Employee, as well as for the cost of the license fee or any other expense incurred in the licensing of said Employee. Agent, alone, will be responsible for any and all obligations imposed upon employer as respects an employee.

Defendant State Farm had no input or authority with respect to any decision made by Kelly with respect to plaintiff's employment.

II. Discussion

A. Defendant Cheryl Kelly's motion to dismiss

Defendant Cheryl Kelly filed this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) contending that this Court lacks subject matter jurisdiction over plaintiff's claims against Kelly. Kelly contends that this Court is without subject matter jurisdiction over plaintiff's claim against Kelly in either capacity because individuals do not qualify as "employers" under Title VII and the company Kelly owned does not qualify as an "employer" under Title VII as it has never employed fifteen (15) or more persons at any given time.

Motions for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) generally take one of two forms: (1) a "facial attack" on the sufficiency of the allegation of subject matter jurisdiction in the complaint; or (2) a "factual attack" on the underlying facts upon which subject matter jurisdiction is allegedly based. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Where a defendant mounts a "factual attack" on the plaintiff's complaint, "the court considers matters outside the pleadings and the non-moving party does not have the benefit of 12(b)(6) safeguards" in that the court may not presume the factual allegations in the plaintiff's complaint are true. Id. As the party asserting subject matter jurisdiction, the plaintiff bears the burden of establishing the existence of such jurisdiction. See Devine v. Stone, Leyton & Gersham, 100 F.3d 78, 82 (8th Cir. 1996); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

To be subject to liability under Title VII, Kelly must qualify as an "employer" under the statute. Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar

3

weeks in the current or preceding calendar year . . ." 42 U.S.C. § 2000e(b). Liberal construction is to be given to the definition of "employer" under the Title VII based on the remedial purposes of Title VII. Baker v. Stuart Broadcasting Co., 560 F.2d 389, 391 (8th Cir. 1977).

Defendant Kelly argues that she cannot be held liable under Title VII in her "individual" capacity because individuals do not qualify as "employers" and may not be liable under Title VII. The Eighth Circuit has held that individual liability may not be imposed on supervisors under Title VII. See Bonomolo-Hagen v. Clay Central-Everly Community School District, 121 F.3d 446, 447 (8th Cir. 1997) (citing Spencer v. Ripley County State Bank, 123 F.3d 690, 691-92 (8th Cir. 1997). Plaintiff's brief failed to address this argument that plaintiff's claim against Kelly in her "individual" capacity should be dismissed for lack of subject matter jurisdiction in her opposition brief. Accordingly, plaintiff's claims against Kelly in her "individual" capacity are dismissed with prejudice.

Defendant Kelly next argues that she cannot be held liable in her "official" capacity under Title VII because her company has never employed fifteen or more individuals. It is uncontroverted that at no time during plaintiff's period of employment did the Company employ fifteen or more individuals. Plaintiff Rector contends that subject matter jurisdiction lies because Kelly made the determination to fire plaintiff based on policies and procedures of State Farm, which clearly employs more than fifteen workers. Specifically, plaintiff argues that Kelly's business is an integrated enterprise of co-defendant State Farm, and that collectively this enterprise meets the fifteen employee standard under Title VII.

The integrated enterprise test consists of four factors to determine if two or more employers are so interrelated that they form an integrated enterprise. Those four considerations

4

are: (1) interrelation of operations; (2) common management; (3) centralized control of labor relationship; and (4) common ownership or financial control. Baker, 560 F.2d at 392. These factors must be considered in determining an "employer" for the purposes of Title VII.

Based on Osborn, defendant Kelly's characterization of her motion as a factual challenge to the subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), allows this Court to consider matters outside the pleadings. Osborn, 918 F.2d at 729 n.6. Plaintiff outlines in her brief her evidence of Kelly's and State Farm's "integrated enterprise." Defendant correctly points out that plaintiff Rector offers little evidence to support her contentions regarding the four factors. In support of her contention that Kelly and State Farm constitute an "integrated enterprise," plaintiff offers one page from her file on her unemployment benefits claim with the Missouri Division of Employment Security. The page appears to be a statement or interview made of defendant Kelly.

As mentioned above, the plaintiff has the burden to establish subject matter jurisdiction. Given the amount of evidence produced by the plaintiff, plaintiff has failed to establish sufficient facts to find a significant degree of interrelationship of the co-defendant and Kelly to determine that Kelly is an "employer" under 42 U.S.C. § 2000e(b). Therefore, plaintiff's claims against defendant Kelly in her "official" capacity are dismissed with prejudice.

B. Defendant State Farm's motion for summary judgment

Defendant State Farm filed this motion to dismiss and/or motion for summary judgment pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and/or 56. State Farm alleges that this Court lacks subject matter jurisdiction over plaintiff's Complaint pursuant to Title VII of the Civil Rights Act of 1964, as amended, because State Farm never employed plaintiff Rector. Plaintiff argues that

5

a genuine issue of material fact still exists and more discovery is needed to scrutinize the authority set forth by State Farm. Specifically, plaintiff argues that the affidavit filed by State Farm in support of its motion for summary judgment is self-serving and has not been subject to scrutiny of discovery or cross-examination. Plaintiff's contention is that defendant State Farm and Kelly are liable in this action because their relationship exemplifies an "integrated enterprise." The operations of defendant Kelly's business are dependent upon defendant State Farm, such that they are "employers" under Title VII and subject to suit in this matter.

A motion for summary judgment should be granted if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Rafos v. Outboard Marine Corp., 1 F.3d 707, 708 (8th Cir. 1993) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact for trial and that the movant is entitled to summary judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party opposing a properly supported motion for summary judgment may not rest upon the allegations contained in the pleadings, "but must set forth specific facts showing there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Pursuant to Rule 56, a motion for summary judgment may be supported by affidavit.

In reviewing a motion for summary judgment, this Court must scrutinize the evidence in the light most favorable to the non-moving party, according the non-moving party the benefit of every factual inference and resolving any doubts as to the facts or existence of any material fact against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970).

As discussed above, plaintiff Rector has failed to put forth evidence which indicates that defendants Kelly and State Farm are an "integrated enterprise." Furthermore, Rector incorrectly points out that this Court should give no weight to the affidavits in support of State Farm's motion for summary judgment. It is in fact required by Rule 56 for defendant State Farm to come forth with evidence by affidavit or otherwise, which would support a motion for summary judgment. Likewise, the Court may consider matters outside the pleadings in a "factual attack" on the underlying facts upon which subject matter jurisdiction is allegedly based in considering a motion to dismiss.

The Court finds that plaintiff cannot establish that there is a genuine issue of material fact in this case which would entitle her to relief against defendant State Farm under Title VII. The undisputed facts of this case indicate that State Farm was never plaintiff's employer. Plaintiff signed the Agreement in which she expressly agreed that she "is not to be considered an employee of State Farm for any purpose or at any time." No evidence has been presented to this Court to refute the fact that plaintiff Rector signed the Agreement. Therefore, State Farm is not an "employer" under 42 U.S.C. § 2000e(b) and plaintiff Rector has no redress in this action against State Farm. Therefore, plaintiff's claims against defendant State Farm are dismissed with prejudice.

### III. Conclusion

Based on the reasons above, it is hereby

ORDERED that defendant Cheryl Kelly's Motion to Dismiss (Doc. # 4) is granted. Plaintiff's claims against defendant Kelly in both her official and individual capacity are dismissed with prejudice. It is further

ORDERED that defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss and/or Motion for Summary Judgment (Doc. # 13) is granted. Plaintiff's claims against defendant State Farm are dismissed with prejudice. It is further

ORDERED that the Clerk of Court shall enter final judgment at this time.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 10-13-05